Mike **DIAZ,** Plaintiff–Appellant,

v.

I. **SANCHEZ,** Correctional Officer; et al., Defendants–Appellees,

and

**Guerra,** Correctional Officer; et al., Defendants.

No. 01–17506.

D.C. No. CV–99–06185–OWW(LJO).

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 10, 2002.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM**

Mike Diaz, a California state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action alleging violation of his Fourth, Eighth, and First Amendment rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Frost v. Symington,* 197 F.3d 348, 353 (9th Cir.1999), and we affirm.

The district court properly granted summary judgment on Diaz' excessive force claim because Diaz failed to raise a genuine issue of material fact as to whether prison officials applied force maliciously and sadistically for the purpose of causing harm rather than in a good-faith effort to restore discipline after Diaz instigated an altercation with an officer. *See Jeffers v. Gomez,* 267 F.3d 895, 899 (9th Cir.2001) (per curiam).

The district court properly granted summary judgment on Diaz' Eighth Amendment claim because Diaz failed to raise a genuine issue of material fact as to whether prison officials acted with deliberate indifference to his health or safety when, on four occasions, he missed meals due to his disruptive conduct. *See Frost v. Agnos,* 152 F.3d 1124, 1130 (9th Cir.1998).

The district court properly granted summary judgment on Diaz' claim that he was denied access to the law library, because Diaz failed to raise a genuine issue of material fact as to whether he suffered an actual injury. *See Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

---

* Because the panel unanimously finds this case suitable for decision without oral argument, Diaz' request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Diaz' remaining contentions lack merit.

**AFFIRMED.**